RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/16/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MAJOR BOYD WHITLEY,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01921 |
| VERSUS | |
| W.A. SHERROD, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, in forma pauperis, by pro se plaintiff Major Boyd Whitley ("Whitley") on December 29, 2010. The sole defendant is the United States of America.[1] Whitley alleges that he was incarcerated in USP-Pollock on April 11, 2010, and the defendant is liable for the actions of its employees at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") in failing to protect him from an attack by another inmate on that date, then delaying and denying him medical care. For relief, Whitley asks for monetary damages. Whitley is currently incarcerated in USP-Lewisburg in Lewisburg, Pennsylvania.

---

[1] Whitley originally named Warden Sherrod as a defendant, also, but Sherrod was dismissed from the suit (Doc. 6). Under the FTCA, 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

Defendant answered the complaint (Doc. 15) and filed a motion to dismiss (Doc. 23) claiming sovereign immunity pursuant to the intentional tort exception and/or the discretionary function exception to the FTCA. Whitley filed a response opposing defendant's motion to dismiss (Doc. 25) and an affidavit in support of his complaint[2] (Doc. 27). Defendant's motion is now before the court for disposition.

## Law and Analysis

Whitley contends the defendant is liable to him on his claims for failure to protect him from assault and denial of medical care. The defendant contends it has sovereign immunity from these claims and, therefore, this court lacks jurisdiction over them.

1.

The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Hebert v. United States, 438 F.3d 483, 487 (5th Cir. 2006). Sovereign immunity is jurisdictional in nature. U.S. v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States. Hebert, 438 F.3d at 487-488, citing Mitchell, 463 U.S. at 212. Thus, before a court proceeds on a case against the United

---

[2] Whitley's affidavit appears to restate his complaint, even though Whitley's complaint was signed under penalty of perjury, also.

2

States, it must first decide whether one of the government's several waivers of sovereign immunity applies. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994).

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment. 28 U.S.C. § 1346(b). Also, Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996). The FTCA permits a plaintiff to bring a *state law tort action* against the United States. Substantive state law determines whether a cause of action exists, and federal law determined when that claim accrues. A two year statue of limitations from the accrual date applies tof FTCA claims. Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996); 28 U.S.C. § 2401(b). Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred (state tort law). 28 U.S.C. § 1346(b). See U.S. v. Muniz, 374 U.S. 150, 152-153, 83 S.Ct. 1850 (1963). A

constitutional claim does not arise under the Act and is barred by sovereign immunity. McAfee v. 5th Circuit Judges, 884 F.2d 221, 223 (5th Cir. 1989), cert. den., 493 U.S. 1083, 110 S.Ct. 1141 (1990), citing Boda v. U.S., 698 F.2d 1174, 1176 (11th Cir. 1983).

There are exceptions to the waiver of sovereign immunity in the FTCA. See 28 U.S.C. § 2680(a)-(n). The exceptions to the FTCA's waiver of sovereign immunity that appear in Section 2680 limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains the government's sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h); Truman, 26 F.3d at 594.

To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. Truman, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct

essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that conduct may also constitute another tort not listed in Section 2680(h). Truman, 26 F.3d at 594, and cases cited therein. Similarly, a plaintiff cannot circumvent the purpose of Section 2680(h) by framing his complaint in terms of the government's negligent failure to prevent the excepted harm. Truman, 26 F.3d at 594-595.

The intent of the FTCA is that the United States would not be financially responsible for the assaults and batteries committed by its employees. The reach of Section 2680(h) cannot be avoided by framing a complaint in terms of negligent failure to prevent the assault and battery. U.S. v. Shearer, 473 U.S. 52, 55, 105 S.Ct. 3039, 3042 (1985). See Garcia v. U.S., 776 F.3d 116 (5th Cir. 1985), ("the Fifth Circuit held that a plaintiffs' complaint, framed in terms of negligent failure to prevent an assault and battery, was barred by the plain language of Section 2680(h), which excludes any claim 'arising out of' assault or battery"). The phrase "arising out of assault [or] battery" is broad enough to encompass claims sounding in negligence. The Government is not liable for an assault and battery by a government employee where the negligence claim turns on the inadequacy of supervision or

5

warnings. Shearer, 471 U.S. at 56-57, 105 S.Ct. at 3042.

Of course, there is an exception to the exception. The intentional tort exception to the waiver of sovereign immunity set forth in 28 U.S.C. § 2680(h) is limited by the "law enforcement proviso," which relinquishes sovereign immunity against claims arising out of torts enumerated in Section 2680(h) (including assault and battery) if the claim resulted from the act or omission of a federal *investigative or law enforcement* officer. See Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987). BOP employees are considered law enforcement officers for purposes of Section 2680(h) *if* they are acting within the scope of law enforcement functions (as opposed to security functions) at the time the tort is committed. Castro, 560 F.3d at 387.

2.

According to Whitley, when the other inmate attacked Whitley in the yard, Lt. Baursman grabbed Whitley from behind and threw him to the ground, causing him to hit his head on the concrete and knocking him unconscious. Whitley contends he suffered an injury to his head from being thrown to the ground and a stab wound to his elbow from the inmate's assault. Whitley contends Baursman failed to protect him from the other inmate, instead rendering him unconscious and open to further attack and injury, and contends the defendant failed to secure the yard in order to protect Whitley. Whitley also alleges the medical staff tried to hide the fact that

6

he had been stabbed in the elbow and lost a lot of blood by not telling the doctor. Whitley alleges he had to tell the doctor about his injuries himself. Whitley contends the officers who escorted him to the hospital became angry at him for telling the doctor, and removed him from the hospital before he was given pain medicine and antibiotics. Whitley alleges he was in pain until he received ibuprofen there days later and now has scars on his face. Whitley allege the officers caused a delay in or denial of medical care.

Whitley alleges he was injured because of the manner in which Lt. Baursman broke up the fight, grabbing Whitley from behind and throwing him to the ground. However, Lt. Baursman was clearly acting in a security capacity in trying to break up the fight, rather than in a law enforcement capacity; he was not investigating anything or arresting anyone. Therefore, defendant is immune from suit for Lt. Baursman's actions in trying to break up the fight or stop the attack.

Insofar as Whitley alleges the Lt. Baursman failed to secure the yard in order to protect Whitley from assault, the government is not liable in an action arising from an assault and battery by another inmate or for inadequate supervision of the prison yard. Allegations of the government's negligent failure to prevent the harm resulting from the assault do not state a claim under the FTCA. Therefore, the defendant is immune from Whitley's suit for

assault and battery by the inmate and for negligent supervision of the yard.

As to his medical care claims, Whitley's allegations, that the corrections officers employed by the defendant denied Whitley medical care or delayed his medical care, state a constitutional claim under the Eighth Amendment.[3] Since constitutional claims fall outside the scope of the FTCA, 28 U.S.C. 2679(b)(2)(a), the defendant is entitled to sovereign immunity on this claim, as well. See Billings v. U.S., 57 F.3d 797 (9th Cir. 1995).

Therefore, defendant has sovereign immunity as to all of Whitley's claims and its motion to dismiss should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. 23) be GRANTED and that Whitley's FTCA action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

---

[3] Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE