RECEIVED
IN ALEXANDRIA, LA.

JUL 1 3 2012

TONY R. MOORE, CLERK
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **MAJOR BOYD WHITLEY** | **CIVIL ACTION NO. 10-1921** |
| VERSUS | JUDGE TRIMBLE |
| W. A. SHERROD, ET AL. | MAGISTRATE JUDGE KIRK |

## O R D E R

Before the court is plaintiff's appeal of the prior ruling of the magistrate judge denying plaintiff's most recent motion to amend his complaint.[1] Our review of the record in this matter reveals that plaintiff filed the motion to amend at issue on May 7, 2012, requesting leave to amend his complaint in order to substitute several defendants and to restate certain claims against already named defendants.[2] Such motion was denied by the magistrate judge on May 8, 2012 by electronic order.[3]

While the court is constrained to "freely grant" leave to amend when justice so requires, such obligation does not create an infinite loophole which plaintiffs may use to burden defendants by repetitively reshaping claims.[4] Thus, while bias is shown toward granting leave to amend, the party seeking amendment has no absolute right.[5] When exercising its discretion as to amendment of complaints, a district court will consider whether or not there exists evidence of

---

[1] R. 43.
[2] R. 41.
[3] R. 42.
[4] Fed. R. Civ. P. 15(a)(1)(B)(2); Foman v. Davis, 371 U.S. 178 (1962); U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc., 336 F.3d 376 (5th Cir. 2003).
[5] Id.

1

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility of the proposed amendment.[6]

Plaintiff's motion to amend and proposed third amended complaint seek to add new constitutional claims against Lt. Baursman under the Fifth and Fourteenth Amendments. Plaintiff's proposed amendment also seeks to substitute named defendants in place of two (2) John Doe defendants previously named. Plaintiff's appeal of the magistrate judge's denial asserts that discovery provided to him after the filing of his second amended complaint provided the correct names of the defendants, N.P. Paul Nordstrom and R.N. Marcus Wallace.[7]

In the electronic order which plaintiff now appeals, the magistrate judge stated that plaintiff's motion was denied because the plaintiff had already complied with the district judge's order to amend and will not be permitted to continue to restate his claims.[8] We agree, in part, with the magistrate judge's finding as to plaintiff's request for leave to amend, in that plaintiff offers no explanation for the undue delay in asserting new claims against Lt. Baursman and such amendment is prejudicial to defendants. This suit was filed in 2010 and we find that plaintiff should not be permitted to continue to reshape his claims. We find, however, that plaintiff should be allowed to amend his complaint for the sole purpose of substituting named defendants whose identity was not available to him prior to receipt of discovery in this case.

Accordingly, it is hereby

**ORDERED** that plaintiff's appeal is **GRANTED** insofar as plaintiff's complaint is deemed amended in order to substitute defendants N.P. Paul Nordstrom and R.N. Marcus Wallace in place of previously unidentified John Doe defendants. It is further

---

[6] Id.
[7] R. 43 at ¶ 3.
[8] R. 42.

**ORDERED** that plaintiff's appeal is **DENIED** in all other respects and no further amendment is to be affected by this order.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 13th day of July, 2012.

*James Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE