RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  11/26/12
     JDK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MAJOR BOYD WHITLEY,<br>    Plaintiff<br><br>VERSUS<br><br>W.A. SHERROD, et al.,<br>    Defendants | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01921<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] and Louisiana state law, in forma pauperis, by pro se plaintiff Major Boyd Whitley ("Whitley") on December 29, 2010. Whitley alleges that, when he was incarcerated in USP-Pollock on April 11, 2010, defendants (employees at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")) failed to protect him from an attack by another inmate, then delayed and denied him medical care. For relief, Whitley asks for monetary damages. Whitley is currently incarcerated in FCI-Oakdale

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

in Oakdale, Louisiana.

Whitley originally named only Warden Sherrod as a defendant, but showed he had exhausted the administrative remedies for the Federal Tort Claims Act. Therefore, the United States was substituted for Warden Sherrod as the defendant (Doc. 6) because, under the FTCA, 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the sole defendant.[2] McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

After Whitley's FTCA action was dismissed (Doc. 33), the order dismissing the action against Warden Sherrod was vacated, effectively reinstating Warden Sherrod as a defendant, and Whitley was allowed to amend his complaint to add new defendants in order to pursue his Bivens claims for denial of medical care (Doc. 36). Whitley filed an amended complaint (Doc. 39) on March 26, 2012, adding five new defendants-Warden Joe Keffer, Lt. Bauserman,[3] Officer Stevenson,[4] Lt. John Doe, and P.A. John Doe, all employed

---

[2] Whitley alleged and showed he exhausted his administrative remedies under the FTCA, but did not show exhaustion under Bivens (Doc. 1). *However, this defense was not raised by the defendants.*

[3] Whitley misspelled Bauserman's name as "Baursman," which is how it appears in the docket caption of this case.

[4] Whitley contends Stevenson is one of the officers who took him to the hospital after he was injured on April 11, 2010 (Doc. 39). Whitley contends Stevenson (and an unnamed officer) attempted to cover-up the fact that Whitley had received a stab wound to his elbow and lost a lot of blood (Doc. 39). Whitley

at USP-Pollock. Whitley's amended complaint alleges claims for denial of medical care, assault, battery, and negligence (Doc. 39).

An answer to the amended complaint was filed by Bauserman, Doe, Doe, Keffer, Sherrod, Stevenson, and the United States[5] (Doc. 40).

Whitley then filed another motion to amend his complaint on May 7, 2012 (Doc. 41), which was granted in part, and Whitley was permitted to substitute defendants N.P. Paul Nordstrom and R.N. Marcus Wallace for the previously named John Does (Doc. 53).

Defendants filed a motion for summary judgment (Docs. 50, 60, 61, 68), to which Whitley filed an opposition (Doc. 58). Defendants' motion is now before the court for disposition.

Law and Analysis

Exhaustion of Bivens Claims

Defendants contend Whitley failed to exhaust his Bivens claims.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

contends that, when he told the doctor about his injury himself, Stevenson and the other officer "rushed" Whitley out of the hospital and thus interfered with his medical care (Doc. 39).

[5] It was unnecessary for the United States to answer the amended complaint, since the order (Doc. 36) did not vacate that part of the original judgment (Doc. 33) which dismissed Whitley's FTCA action against the United States. The United States is no longer a party to this suit.

facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990.

However, the exhaustion requirement imposed by amended § 1997e is not jurisdictional. Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006). The exhaustion requirement may be subject, in rare instances, to certain defenses such as waiver, estoppel, or equitable tolling. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Torns v. Mississippi Dept. of Corrections, 301 Fed.Appx. 386, 388 (5th Cir. 2008); Carbe v. Lappin, 492 F.3d 325, 327-328 (5th Cir. 2007).

4

Where the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense. Torns, 301 Fed.Appx. at 389; Carbe, 492 F.3d at 328.

Defendants have submitted an affidavit from Tamala Robinson, a legal assistant employed by the Bureau of Prisons, and documentary evidence (Doc. 71) which show that Whitley has not exhausted his administrative remedies with respect to his Bivens claims.[6] As demonstrated by Whitley's complaint, Whitley only exhausted his administrative remedies as to his federal tort claim.

Since Whitley has not exhausted his administrative remedies as to his Bivens claims, defendants' motion to dismiss Whitley's complaint for lack of exhaustion should be granted as to all defendants.

Prescription

Alternatively, defendants also contend that Whitley's Bivens claims against the individual defendants are prescribed.

Section 1983 and Bivens actions are governed by Louisiana's

---

[6] The administrative remedy procedures which must be followed by a federal prison inmate prior to filing a Bivens action are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden, and appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994); <u>Gaspard v. U.S.</u>, 713 F.2d 1097, 1102 (5th Cir. 1983), cert. den., 466 U.S. 975, 104 S.Ct. 2354 (1984). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th Cir. 1986), or from the time the plaintiff knew or could reasonably have known he had a cause of action, under the doctrine of contra non valentum, <u>McGregor</u>, 3 F.3d at 865. Also, <u>Corsey v. State Dept. of Corrections</u>, 375 So.2d 1319, 1322 (La. 1979).

In determining whether a statute of limitations should be tolled, federal courts may look to state tolling provisions as well as to federal equitable tolling doctrines if appropriate. <u>Burge v. Parish of St. Tammany</u>, 996 F.2d 786, 788 (5th Cir. 1993). Under Louisiana law, limitations may be tolled if the plaintiff is legally unable to act. <u>Harris v. Hegmann</u>, 198 F.3d 153, 158 (5th Cir. 1999). This occurs: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. Under federal law, equitable tolling applies only rarely, usually where the plaintiff is actively misled by the defendant or is prevented in some

extraordinary way from asserting his rights. <u>Teemac v. Henderson</u>, 298 F.3d 452, 457 (5th Cir. 2002).

Whitley alleges that the incident occurred on April 11, 2010, and he filed his original complaint against Warden Sherrod on December 29, 2010. Whitley's amended complaint (Doc. 39), filed March 26, 2012, added five new defendants-Warden Joe Keffer, Lt. Bauserman, Officer Stevenson, and Lt. John Doe and P.A. John Doe (for whom N.P. Paul Nordstrom and R.N. Marcus Wallace were later substituted). Defendants contend that the amending complaint alleging claims against five new defendants is untimely.

Federal law determines when a § 1983 claim accrues. In the context of claims of "assault and battery," or use of excessive force, and denial of medical care, it is the plaintiff's knowledge of the events that triggers the limitations period. In the case at bar, Whitley's causes of action for "assault and battery" and denial of medical care accrued on the date on which they allegedly occurred, on April 11, 2010. Therefore, Whitley had through April 11, 2011 to file his <u>Bivens</u> action.

Whitley filed his original complaint, against Warden Sherrod only, on December 29, 2010. Whitley's amended complaint (Doc. 39), adding five defendants-Warden Joe Keffer, Lt. Bauserman, Officer Stevenson, Lt. John Doe, and P.A. John Doe, was filed March 26, 2012, nearly one year outside the one year limitation period. Whitley's second amended complaint, adding N.P. Paul Nordstrom and

R.N. Marcus Wallace as defendants, was filed on May 7, 2012, clearly outside of the one year limitation period. The claims against the five new defendants are thus time-barred unless they "relate back" to the original filing of the complaint per Federal Rule of Civil Procedure 15(c). <u>Whitt v. Stephens Cty.</u>, 529 F.3d 278 (5th Cir. 2008). Therefore, the court must determine whether Whitley's amending complaints relate back to his original complaint.

Federal Rules of Civil Procedure rule 15(c) provides for the relation back of amendments filed after the running of a period of limitations in certain circumstances, as follows:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment of a pleading relates back to the date of the original pleading when:
>    (A) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>    (B) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>    (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>       (I) has received such notice of the action that it will not be prejudiced in defending on the merits; and
>       (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

This provision governs amendments that add as well as those that

substitute a party to a lawsuit.  See Jacobsen v. Osborne, 133 F.3d 315, 319-320 (5th Cir. 1998).  See also, Moore v. Long, 924 F.2d 586, 587 (5th Cir. 1991)(quoting Schiavone v. Fortune, 477 U.S. 21, 29, 106 S.Ct. 2379, 2383 (1986).

An amendment to a pleading shall "relate back" to the date of the original pleading under Rule 15(c)(1)(C) only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence.  The rationale of allowing an amendment to relate back is that, once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitation requires.  Anthony v. Cambra, 236 F.3d 568, 576-577 (9th Cir. 2000), cert. den., 533 U.S. 941, 121 S.Ct. 1576 (2001), quoting James W. Moore, et al., Moore's Federal Practice § 15.19[1] (3d ed. 1999).

If an amendment adds a new defendant pursuant to Rule 15(c)(3), timely notice to the new defendant may be inferred if there is an "identity of interest" between the original defendant and the defendant sought to be added in the amended complaint.  Moore, 924 at 588, and cases cited therein.  Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.  In this regard, notice may be imputed to the new party

9

through shared counsel. <u>Moore</u>, 924 F.2d at 588. In cases in which the added or substituted defendant has not received timely notice, the Fifth Circuit has routinely refused to permit relation back. <u>Moore</u>, 924 F.2d at 587. The Rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification. <u>Jacobsen</u>, 133 F.3d at 320, and cases cited therein. Therefore, in order for an amendment adding a new defendant to relate back to the original complaint, "same transaction or occurrence" provision in subpart (2) must be satisfied, and both the "notice" and "mistake" clauses in subpart (3) must be satisfied. <u>Jacobsen</u>, 133 F.3d at 320.

Whitley added Warden Keffer as a defendant in his first amended complaint because he became warden after Warden Sherrod left. The first factor, under Rule 15(c)(2), has been met - Whitley's amended complaint, alleging civil rights violations pursuant to Section 1983, arises out of the same conduct or transactions alleged in the original complaint. The original defendant, Warden Sherrod, was named the defendant because he was the warden of USP-Pollock. Therefore, Warden Keffer, the subsequent warden, has sufficient identity of interest with Warden Sherrod for the amended complaint to relate back to the original complaint.

Whitley first amended complaint also added Lt. Bauserman,

Officer Stevenson as defendants. The first factor, under Rule 15(c)(2), has been met - Whitley's amended complaint, alleging civil rights violations pursuant to Section 1983, arises out of the same conduct or transactions alleged in the original complaint. However, Whitley did not make a mistake as to Lt. Bauserman's and Officer Stevenson's identity; he was aware of their identities, but did not make them defendants in his original complaint. Therefore, Whitley's attempt to add them as defendants in his amended complaint is barred as untimely.

Whitley's second amended complaint, adding N.P. Paul Nordstrom and R.N. Marcus Wallace as defendants, does not "relate back" to his original complaint. Presumably, Nordstrom and Wallace were the "John Does" named in Whitley's first amended complaint, which was also untimely. However, an untimely amendment to substitute a named party for a John Doe does not relate back under rule 15(c). <u>Whitt v. Stephens Cty.</u>, 529 F.3d 278 (5th Cir. 2008). Therefore, Whitley's claims against Nordstrom and Wallace are barred as untimely.

Therefore, defendants' motion to dismiss should be granted as to Stevenson, Bauserman, Nordstrom, and Wallace, and Whitley's action against them should be dismissed as time-barred.

<u>Warden Sherrod and Warden Keffer</u>

Alternatively, Whitley's action against Warden Keffer and Warden Sherrod should be dismissed for failure to state a claim

11

against them. Although Whitley names Warden Keffer and Warden Sherrod as defendants in their individual capacities, he has not alleged any facts to support a claim against them.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443 (1993); Thompkins, 828 F.2d at 303. Whitley has not alleged or offered any proof of any acts or omissions of Warden Keffer or Warden Sherrod, or any unconstitutional policies implemented by Warden Keffer or Warden Sherrod, which have deprived Whitley of his constitutional rights. Although Whitley alleges vaguely that Warden Keffer has failed to take "corrective action" in response to the high rate of assaults and safeguard prisoners from violence, and to establish policies to "safeguard prisoners from conspiratorially planned cover-up[s]," he has not alleged any facts to show that specific acts or omissions by Warden Keffer caused or had anything to do with the assault on

Whitley by another inmate (which was promptly stopped by the officers present in the prison yard). Moreover, it is noted that Warden Sherrod replaced Warden Keffer as warden of USP-Pollock in July 2010, after the event occurred, and Whitley has not alleged or shown that Warden Sherrod had anything to do with the incident.

Since there are no genuine issues of material fact which would preclude a summary judgment, defendant's motion for summary judgment should be granted in favor of Warden Keffer and Warden Sherrod, and Whitley's action for damages against Warden Keffer and Warden Sherrod should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss Whitley's complaint for failure to exhaust his administrative remedies be GRANTED.

Alternatively,

IT IS RECOMMENDED that defendants' motion to dismiss Whitley's complaint against Stevenson, Bauserman, Nordstrom, and Wallace be GRANTED and that Whitley's action against them be DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment be GRANTED as to Warden Sherrod and Warden Keffer and that Whitley's action against them be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of November 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE